UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES M. BAY,

  Plaintiff,

vs.

CLERMONT COUNTY SHERIFF'S
DEPARTMENT, *et al.,*

  Defendants.

Case No. 1:08-cv-376

Chief Judge Susan J. Dlott
Magistrate Judge Timothy S. Black

**REPORT AND RECOMMENDATION[1] THAT DEFENDANT'S MOTION TO DISMISS THE CLERMONT COUNTY SHERIFF'S DEPARTMENT (Doc. 13) BE GRANTED**

Plaintiff is an inmate who brings this action pursuant to 42 U.S.C. § 1983. This case is now before the Court on the motion of Defendant Albert J. Rodenberg, the Clermont County Sheriff, to dismiss the Clermont County Sheriff's Department ("Sheriff's Department") (Doc. 13) and the Plaintiff's responsive memorandum (Doc. 17).

**I. FACTUAL BACKGROUND AND PROCEDURAL POSTURE**

Plaintiff, formerly incarcerated at the Clermont County Jail ("CCJ"), filed this action alleging that he was injured as a result of Defendants' excessive use of force arising out of an incident that occurred on June 6, 2006 at CCJ. (Doc. 3). Defendants include the Clermont County Sheriff's Department and Clermont County employees.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Defendant Sheriff's Department now moves this Court for an order dismissing it as a party because the Court lacks subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

## II. STANDARD OF REVIEW

Federal courts are not courts of general jurisdiction. They only have the power authorized by Article III of the Constitution and conferred by acts of Congress. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Jurisdiction is a prerequisite to a court ruling on the merits of a case. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1869).

Motions to dismiss for lack of subject matter jurisdiction are governed by Fed. R. Civ. P. 12(b)(1). Such challenges come in two forms: facial challenges and factual challenges. Defendant in the instant case presents a facial challenge. In a facial challenge, a defendant contends that, even accepting the material allegations of the complaint as true, and construing them in a light most favorable to the nonmoving party, the court still lacks subject matter jurisdiction over the claim. *Singleton v. United States*, 277 F.3d 864, 870 n.4 (6th Cir. 2002) (*citing Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).

## III. ANALYSIS

In the instant case, the sole issue is whether the Clermont County Sheriff's Department exists as a legal entity subject to suit. This issue does not depend on the facts as pled by Plaintiff.

Ohio and Federal Courts agree: neither a county sheriff's office nor a county sheriff's department is *sui juris* - - that is, they are not capable of being sued as a matter of law. *See Batchik v. Summit County Sheriff's Dept.*, No. 13783, 1989 Ohio App. LEXIS 877, at *1 (Ohio Ct. App. Mar. 15, 1989); *Barrett v. Wallace*, 107 F. Supp.2d 949, 954 (S.D. Ohio 2000) (under Ohio law, a county sheriff's office is not a legal entity capable of being sued).

Both the Sixth Circuit and the Southern District of Ohio have consistently followed the holdings of Ohio state courts on this matter, dismissing "sheriff's offices," "police departments," and "units of police departments" as parties. *See, e.g., Petty v. County of Franklin*, 478 F.3d 341, 344 (6th Cir. 2007) ("under Ohio law, a county sheriff's office is not a legal entity capable of being sued for purposes of § 1983"); *Rhodes v. McDaniel*, 945 F.2d 117, 120 (6th Cir. 1991) ("A sheriff's department is not a legal entity subject to suit"); *Jones v. Union County, Tennessee*, No. 01-5149, 2002 U.S. App. LEXIS 14298, at *3 (6th Cir. 2002) (conceding that the Sheriff's Department could not be sued.); *Brown v. Karnes,* No. 2:05-cv-555, 2005 U.S. Dist. LEXIS 19875, at *7 (S.D. Ohio 2005) ("Ohio courts have determined that under Ohio law, a county sheriff's office is not a legal entity that is capable of being sued."); *Johari v. City of Columbus*

*Police Dept.,* 186 F.Supp. 821, 825 (S.D. Ohio 2002) (holding that the police department lacks capacity to be sued because "the Division of Police is an administrative vehicle by which the city operates and performs its functions."); *Williams v. Dayton Police Dept.*, 680 F.Supp. 1075 (S.D. Ohio 1987) (dismissing defendant police department because it is a sub-unit of the city government and is merely a vehicle through which the city fulfills its policing functions).

Similarly, the undersigned finds that the Clermont County Sheriff's Department is *sui juris*, and therefore not a legal entity that is capable of being sued.

Accordingly, **IT IS THEREFORE RECOMMENDED THAT** Defendant's motion to dismiss the Clermont County Sheriff's Department (Doc. 13) be **GRANTED.**

DATE: June 12, 2009              s/ Timothy S. Black
                                 Timothy S. Black
                                 United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES M. BAY, | : | |
| | : | |
| Plaintiff, | : | Case No. 1:08-cv-376 |
| | : | |
| vs. | : | Chief Judge Susan J. Dlott |
| | : | Magistrate Judge Timothy S. Black |
| CLERMONT COUNTY SHERIFF'S DEPARTMENT, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).