**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JAMES M. BAY,

    Plaintiff,                        Case No. 1:08-cv-376

vs.                                      Dlott, C.J.
                                        Wehrman, M.J.

CLERMONT COUNTY
SHERIFF'S DEPT. *et al.,*

    Defendants.

## REPORT AND RECOMMENDATION[1]

Plaintiff is a former inmate who brings this *pro se* action pursuant to 42 U.S.C. § 1983 against Clermont County, Ohio, and several law enforcement officers employed therein. This civil action is before the Court on Defendants' motion to dismiss for lack of prosecution (Doc. 37) and the parties' responsive memoranda (Docs. 41, 44).

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed this matter in June 2008 when he was incarcerated in Ohio's North Central Correctional Institution. Thereafter, Defendants filed a motion to dismiss "the Clermont County Sheriff's Office" as a party on October 1, 2008. (Doc. 13.) Plaintiff failed to file a response until the Court issued a show cause order. (Doc. 15.)

On May 21, 2009, Plaintiff was released from prison. (Doc. 28.) On June 21, 2009, Plaintiff filed another "motion for extension of time" to file objections to the

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Report and Recommendation of the Magistrate with respect to dismissal of "the Clermont County Sheriff's Office" as a party. (Doc. 31.) The Court granted the extension (Doc. 32), but Plaintiff failed to file any objections. The Court adopted the Report and Recommendation. (Doc. 34.)

On September 21, 2009, the Court issued a "Preliminary Pretrial Conference Notice" to the parties. (Doc. 35.) The Notice required that the parties jointly prepare a Rule 26(f) Joint Report of the Parties by November 5, 2009. On September 28, 2009, Defendants' counsel sent a letter to Plaintiff at his last known address asking him to contact her. In an effort to assist Plaintiff in understanding what would be discussed in order to generate the Joint Report, Defendants' counsel included Defendants' Rule 26(a)(1) Disclosures for Plaintiff's review. *Id.* Nevertheless, Plaintiff failed to contact counsel until the day the Report was due to be filed with the Court.

Plaintiff offered a variety of reasons regarding why he had not contacted counsel earlier. As a courtesy to Plaintiff, Defendants' counsel offered to contact the court to obtain an extension of time within which to file the Joint Report. *Id.* The Court granted the oral request of an extension to November 30, 2009. *Id.* Defendants' counsel explained to Plaintiff that he should be prepared to discuss general discovery issues with her sometime before November 30 so that the Joint Report could be prepared and filed. Plaintiff indicated that he needed to look at his "papers" and having done so would contact counsel. Defendants' counsel, however, received no further communication from Plaintiff. *Id.*

Thereafter, on December 2, 2009, Defendants filed the instant motion to dismiss for lack of prosecution. (Doc. 37). In response, Plaintiff requested and was granted an extension of time in which to respond to the motion to dismiss. (Doc. 40). Plaintiff filed his response to Defendant's motion on January 20, 2010.

Additionally, on February 3, 2010, Defendants filed a motion to compel in light of Plaintiff's failure to respond to Defendants' discovery requests. Plaintiff failed to respond to the motion and the Court granted Defendant's motion to compel on March 16, 2010. (Doc. 45).

## II. STANDARD OF REVIEW

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, upon motion of defendant, dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of the court." In *Link v. Wabash*, 370 U.S. 626, 82 S.Ct. 1386 (1962), the United States Supreme Court upheld the trial court's *sua sponte* dismissal of the case, stating:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending case and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgments of nonsuit and non prosequitur entered at common law * * * and dismissals for want of prosecution of bills in equity.

*Id*.

## III. ANALYSIS

In support of their motion for dismissal, Defendants assert the allegations set forth

in Plaintiff's complaint are now well over three years old, he was released from prison over eight months ago, and his reliance on the ability to obtain counsel and a settlement in this matter as a reason to ignore his obligations is misplaced.

However, despite requesting an extension of time, Plaintiff timely responded to Defendant's motion to dismiss. In light of Plaintiff's *pro se* status, and the Sixth Circuit's "strong preference for trial on the merits," the undersigned is disinclined to recommend that this action be dismissed for lack of prosecution at this time. *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986). Nonetheless, having brought this action, Plaintiff is required to timely participate in this litigation, and no additional extensions of time should be granted.

## IV.

Accordingly, based on the foregoing, it is therefore **RECOMMENDED** that Defendants' motion to dismiss (Doc. 37) be **DENIED**, and that Plaintiff is hereby put on notice that no further extensions should be granted. It is further **RECOMMENDED** that Plaintiff's failure to comply with future orders and deadlines should result in a Report and Recommendation to the District Judge that this matter be dismissed pursuant to Rule 37(b) of the Federal Rules of Civil Procedure.

Date: June 16, 2010                                          J. Gregory Wehrman
                                                             J. Gregory Wehrman
                                                             United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JAMES M. BAY,

    Plaintiff,

vs.

CLERMONT COUNTY
SHERIFF'S DEPT. *et al.,*

    Defendants.

Case No. 1:08-cv-376

Dlott, C.J.
Wehrman, M.J.

**NOTICE**

    Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).