UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES M. BAY,

    Plaintiff,

vs.

CLERMONT COUNTY
SHERIFF'S DEPT. *et al.*,

    Defendants.

Case No. 1:08-cv-376

Dlott, C.J.
Litkovitz, M.J.

## REPORT AND RECOMMENDATION[1]

Plaintiff, a former inmate at the Clermont County Jail in Batavia, Ohio, brings this *pro se* action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA), 42 U.S.C. 12131 *et seq.*, against the Clermont County Sheriff's Department, Clermont County Sheriff Rodenberg, Chief Willis, Corporal Stalworth, Deputy Frye, Corrections Officers John Does One and Two, Transport Officers John Does One and Two, John Doe Booking Officer, Sgt. John Doe, Dr. John Doe, Supervising Nurse Jane Doe, and Nurse Jane Doe. Plaintiff alleges that defendants failed to properly accommodate his disability and were deliberately indifferent to his serious medical needs in violation of his constitutional rights.

This matter is now before the Court on defendant Frye's motion to dismiss, or, in the alternative, motion for summary judgment (Doc. 52), defendants Rodenberg, Willis, and Stallworth's motion for summary judgment (Doc. 53) and the parties' responsive memoranda. (Docs. 56, 57, 58, 60).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

## I. STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party must demonstrate the absence of genuine disputes over facts which, under the substantive law governing the issue, could affect the outcome of the action. *Celotex Corp.*, 477 U.S. at 323.

In response to a properly supported summary judgment motion, the non-moving party "is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). Thus, a party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. The trial court need not search the entire record for material issues of fact, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a prima facie case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and

*Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## II. BACKGROUND AND FACTS

On October 5, 2005, plaintiff was arrested and charged with attempted felonious assault, having a weapon under a disability (prior felony convictions), and kidnapping. After failing to appear for a bond review hearing on May 31, 2006, the Clermont County Court of Common Pleas issued a bench warrant for his arrest. (Doc. 53, Ex. 3). On June 1, 2006, plaintiff was arrested by defendant Frye, a Clermont County Sheriff's Deputy, and brought to the Clermont County Jail. Plaintiff remained incarcerated there until he pled guilty to attempted felonious assault and having a weapon under a disability, and was sentenced to three years in prison. (Doc. 52, Ex. A).

Thereafter, plaintiff filed the instant action for alleged violations of his civil rights during his six month incarceration at the Clermont County Jail. Plaintiff's complaint alleges that defendants Frye and John Does One and Two dropped him onto the concrete floor of the Clermont County Jail while transferring him from the squad car to his wheelchair after his arrest on June 1, 2006. Plaintiff alleges he suffered serious injuries to his tailbone, back, neck, shoulder and wrist. Despite his complaints, plaintiff asserts that defendant Frye ignored his requests for medical care.

The following morning, plaintiff alleges that while being transported to court he was "picked up sideways and shoved into a highboy sideways between the seat and the front divider on the floor." After his court appearance, plaintiff asserts he was returned to the Clermont

County Jail and placed in "supermax" where he remained for 36 days. Plaintiff states that his supermax cell did not have handicap accommodations and he was required to crawl to the toilet. He further alleges that he was not provided with a wheelchair, and every time he was summoned to court, he endured pain and suffering by having to crawl and pull himself into the transport van. Plaintiff states he sent grievances to Sgt. John Doe, Chief Willis, Corporal Stalworth, and Sheriff Rodenberg, but most of his grievances "were never returned."

Plaintiff asserts he was then transferred to the "new" section of the jail that did not have handicap accommodations, and was not provided daily access to a handicap shower. Plaintiff states he was also required to sit in an upright position in the day room, which was constructed wholly of steel and concrete, for 14 hours per day which aggravated his back spasms and pain. Plaintiff further alleges that he contracted a skin infection from a bare mattress which had not been sanitized, and was denied treatment for his skin condition. Based on foregoing, plaintiff claims that defendants discriminated against him based on his disability and were deliberately indifferent to his serious medical needs. Plaintiff's complaint seeks monetary and injunctive relief.[2]

In support of their motions for summary judgment, defendants provide the sworn affidavits of Deputy Jessie Frye and Chief Deputy Chris Willis as evidence. (Doc 52, Ex. A, Frye Aff.; Ex. B. Willis Aff.; Doc. 53, Ex. A).

According to defendant Frye's affidavit, prior to arresting plaintiff, she contacted him by

---

[2] Plaintiff's complaint does not specify if he is suing defendants in their official and/or individual capacities. However, applying the course of proceedings test, the undersigned finds that defendants have received adequate notice that plaintiff's claims may be asserted against them in their individual and official capacities. *See Moore v. City of Harriman*, 272 F.3d 769 (6th Cir. 2001). Notably, plaintiff's complaint seeks damages under section 1983 and defendants have raised the defense of qualified immunity, indicating defendants' recognition of their potential to be sued in their personal capacities.

-4-

telephone at his home to announce her imminent arrival with a warrant. (Frye Aff. at ¶ 9). Although Frye had on prior occasions seen plaintiff walking inside his house with an assistive device, when she arrived at his house on June 1, plaintiff was waiting outside his house seated in a wheelchair. (Frye Aff. at ¶¶ 8-10). Frye, with plaintiff's assistance, placed him in the cruiser for transport and also placed plaintiff's wheelchair in the trunk of the cruiser. (*Id.* at ¶¶ 11-13).

When they arrived at the Jail, Frye "removed plaintiff's wheelchair from the trunk of the cruiser, set it up, brought it to the car door, locked the wheels, and stood behind it to stabilize it so that plaintiff could be placed in it." (*Id.* at ¶ 15). Frye stated that "although plaintiff had used his own efforts to assist me in getting him into the cruiser, as the corrections officers began to remove him from the car, plaintiff suddenly went limp." (*Id.* at ¶ 16). This caused the corrections officers lifting him out of the cruiser to briefly lose their firm grip on plaintiff, allowing his knees and lower legs to briefly touch the floor. (*Id.* at ¶¶ 17-19). The corrections officers maintained control of plaintiff at all times and he was never dropped onto the floor. (*Id.* at ¶¶ 18-19). Defendant Frye had no further contact with plaintiff after June 1, 2006. (*Id.* at ¶¶ 22).

Defendant Willis is the administrator of the Clermont County Jail. (Willis Aff. at ¶ 4). Willis asserts that Jail staff initiated a thorough investigation after plaintiff filed a grievance relating to the incident with Frye. (*Id.* at ¶17). As the result of the investigation, which included statements from corrections officers, supervisors, and medical staff, Willis was satisfied that plaintiff was not dropped nor was he injured while being transferred from defendant Frye's cruiser to his wheelchair. (*Id.* at ¶18). Plaintiff did not file a grievance regarding his allegations that he was improperly placed in a transport van on June 2, 2006, nor did plaintiff file any other grievances regarding any additional accommodations plaintiff may have needed for his disability.

(*Id.* at ¶16).

Furthermore, Willis attests that plaintiff was supplied with a wheelchair, and all cells, including those to which plaintiff was assigned, are accessible to inmates with disabilities. (*Id.* at ¶¶ 5, 16, 22, 23).

Plaintiff has not provided any affidavits, deposition testimony, or other evidence in opposition to defendants' motions for summary judgment as required under Rule 56. *See Anderson*, U.S. at 252. Instead, he merely disputes the facts as presented in defendants' affidavits. However, where defendants have carried their burden of demonstrating no genuine issues of material fact, plaintiff "must do more than rely merely on the allegations of [his] pleadings . . .; [he] is obligated to come forward with 'specific facts,' based on 'discovery and disclosure materials on file, and any affidavits,' showing that there is a genuine issue for trial." *Chappell v. City of Cleveland*, 585 F.3d 901, 912 (6th Cir. 2009) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); Fed. R. Civ. P. 56(e)(2)).[3]

---

[3] When a motion for summary judgment is filed, the party opposing the motion may, by affidavit, explain why he is unable to present facts essential to justify the party's opposition to the motion. Fed. R. Civ. P. 56(f). Thus, a Rule 56(f) affidavit is the proper method of requesting additional time to respond to a motion for summary judgment. *Cacevic v. City of Hazel Park*, 226 F.3d 483 (6th Cir. 2000). A party seeking an extension of time must show the need for discovery, the material facts to be discovered, and the reasons for not previously discovering the information. *Id.* at 488. In the absence of a sufficient Rule 56(f) affidavit, there is no justification for a court's determination that a motion for summary judgment will be premature until the close of discovery. *Wallin v. Norman*, 317 F.3d 558, 564 (6th Cir. 2003).

Here, plaintiff alleges that he was denied needed discovery. Specifically, he asserts that because of his former parole status he has been unable contact witnesses (*i.e.*, other former inmates of the Clermont County Jail), and requests additional time for discovery in order to dispute defendants' assertions. He also now seeks to obtain videotapes, booking photos, medical evidence, non-inmate witness statements, and polygraph evidence. (*See* Doc. 56). However, he has failed to inform the Court what material facts he hopes to obtain through further discovery and how such discovery would alter the outcome of this action. *See Cacevic*, 226 F.3d at 488. Moreover, plaintiff has been granted numerous extensions of time in this matter, and the Court has given plaintiff notice that no further extensions would be granted. (Doc. 51). The overwhelming majority of the discovery sought by plaintiff could have been

### III. ANALYSIS

Defendants contend that they are entitled to judgment because plaintiff has failed to establish a *prima facie* case of discrimination under the ADA. Defendants further contend that plaintiff has not provided any evidence of a physical injury and/or serious medical need to support his deliberate indifference claim, and that they are entitled to qualified immunity. Additionally, defendant Frye asserts that plaintiff's complaint against her is barred by the two year statute of limitations applicable to civil rights actions. For the reasons that follow, the undersigned finds that defendants are entitled to judgment as a matter of law, and herein recommends that their motions for summary judgment be granted.

### A. Statute of Limitations

Limitations periods in § 1983 suits are to be determined by reference to the appropriate state statute of limitations and the coordinate tolling rules. *Hardin v. Straub*, 490 U.S. 536, 539 (1989) (citing *Board of Regents, University of New York v. Tomiano*, 446 U.S. 478, 484 (1980)). The appropriate statute of limitations for § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual. *See Banks v. City of Whitehall*, 344 F.3d 550, 553-54 (6th Cir. 2003);

---

requested regardless of his parole status and alleged prohibition from contacting inmate witnesses. Yet, plaintiff offers no explanation for his failure to do so. Thus, notwithstanding the absence of an affidavit, and construing plaintiff's response as a Rule 56(f) motion for additional discovery, plaintiff's request is not well-taken because he fails to state why he has not previously requested any such discovery in this matter. *See Cacevic*, 226 F.3d at 488 ("Beyond the procedural requirement of filing an affidavit, Rule 56(f) has been interpreted as requiring that a party making such a filing indicate to the district court . . . why it has not previously discovered the information."). *See also Steele v. City of Cleveland*, 375 Fed. Appx. 536, 541, n. 3 (6th Cir. 2010) ("even if plaintiff had made her motion in the form of an affidavit, the district court would not have abused its discretion in denying additional discovery, as plaintiff made no showing why she had been unable to depose these alleged witnesses-or even obtain affidavits from them-in the six months that had elapsed since the lawsuit was filed. . . .").

-7-

*Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (en banc).[4]

Although state law provides the statute of limitations in a § 1983 action, federal law governs the question of when that statute of limitations begins to run. *Wallace v. Kato,* 127 S.Ct. 1091, 1095 (2007); *Sevier v. Turner*, 742 F.2d 262, 272-273 (6th Cir. 1984). The statute of limitations commences to run when the plaintiff knows or has reason to know of his injury, *i.e.,* when he should have discovered it through the exercise of reasonable diligence. *Sevier,* 742 F.2d at 273; *see also Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007).

In the instant case, plaintiff's cause of action against Deputy Frye accrued on June 1, 2006, the date he alleges defendant Frye dropped him on the concrete floor while being transported from the squad car to his wheelchair. The statute of limitations expired two years later on June 1, 2008. Plaintiff's complaint was signed on June 2, 2008.[5] Thus, Fry asserts that plaintiff's claim against her is barred by the statute of limitations.

However, plaintiff maintains that June 1, 2008, fell on a Sunday, and therefore his complaint was timely filed on June 2, 2008. *See* Fed. R. Civ. P. 6(a); *Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir. 1997) (Rule 6(a) governs the computation of the limitations period, and excludes a Saturday, Sunday, or legal holiday that falls at the end of the limitations period). The undersigned agrees, and finds that plaintiff's claims against defendant

---

[4] The two-year statute of limitations also applies to ADA claims. *Frank v. Univ. of Toledo*, 621 F.Supp.2d 475, 481-84 (N.D. Ohio 2007) (noting that the majority of circuits apply the state statute of limitations for personal injury to Rehabilitation Act/ADA claims, which in Ohio is two years under Ohio Rev. Code § 2305.10).

[5] A pleading of an incarcerated *pro se* inmate is deemed to be filed when he delivers the mail to prison authorities for mailing to the Court. *Houston v. Lack*, 487 U.S. 266 (1988); *see also Lyons-Bey v. Pennell*, 93 Fed. Appx. 732 (6th Cir. 2004). In this matter, plaintiff's complaint was signed on June 2, 2008, the same day he asserts it was delivered to prison authorities for mailing with the Court.

-8-

Frye are not time-barred.

### B. Plaintiff's ADA claims

Title II of the ADA provides, in pertinent part, that no qualified individual with a disability shall, because of that disability, "be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Mingus v. Butler*, 591 F.3d 474, 481-482 (6th Cir. 2010) (citing 42 U.S.C. § 12132). The Supreme Court has held that Title II of the ADA applies to state prisons and inmates. *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210-12 (1998). Furthermore, the proper defendant under a Title II claim is the public entity or an official acting in his official capacity. *Carten v. Kent State Univ.*, 282 F.3d 391, 396-97 (6th Cir. 2002).[6]

In order to state a claim under Title II of the ADA, a prisoner must show: (1) that he is a qualified individual with a disability; (2) that defendants are subject to the ADA; and (3) that plaintiff was denied the opportunity to participate or benefit from defendants' services, programs, or activities or was otherwise discriminated against by defendants, by reason of plaintiff's disability. *See Tucker v. Tennessee*, 539 F.3d 526, 532-33 (6th Cir. 2008). *See also Jones v. City of Monroe*, 341 F.3d 474, 477 (6th Cir. 2003).

Here, for purposes of their motion, defendants agree that plaintiff has a disability. However, other than conclusory allegations, plaintiff has failed to offer any evidence that he was denied services and/or that he was otherwise discriminated against because of his disability.

---

[6] To the extent that plaintiff is asserting claims under the ADA against defendants in their individual capacities, such claims fail as a matter of law. *Everson v. Leis,* 556 F.3d 484, 501 (6th Cir. 2009) (Title II of the ADA does not provide for suit against a public official acting in his individual capacity).

-9-

*McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990) (Conclusory allegations are not sufficient to defeat a properly supported summary judgment motion).

To the contrary, defendants have provided sufficient evidence that plaintiff received the same services as all other inmates, and that his disability was properly accommodated (*i.e.*, he was provided with a wheelchair and housed in handicap-accessible cells). (Willis Aff. at ¶ 16, 23). Accordingly, based on the foregoing, defendants are entitled to judgment as a matter of law with respect to plaintiff's ADA claims.

### C. Plaintiff's § 1983 Claim

"Pretrial detainees have a right under the Fourteenth Amendment to adequate medical treatment, a right that is analogous to the right of prisoners under the Eighth Amendment." *Spears v. Ruth*, 589 F.3d 249, 254 (6th Cir. 2009) (quoting *Estate of Carter v. City of Detroit,* 408 F.3d 305, 311 (6th Cir. 2005) (citing *Watkins v. City of Battle Creek,* 273 F.3d 682, 685-86 (6th Cir. 2001)). In order to establish his claim for relief under 42 U.S.C. § 1983 for a denial of medical care, plaintiff must present evidence showing "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

An inmate who is allowed to suffer needlessly through a denial of medical care when relief is available has a cause of action under the Eighth Amendment against an individual whose deliberate indifference caused the suffering. *Id*; *Byrd v. Wilson*, 701 F.2d 592, 594 (6th Cir. 1983); *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976). Such a claim has both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seizer*, 501 U.S. 294, 297-300 (1991). *See also Spears*, 589 F.3d at 254.

The objective component requires that the deprivation alleged be "sufficiently serious." *Farmer v. Brennan*, 511 U.S. at 834 (quoting *Wilson*, 501 U.S. at 298). "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seizer*, 501 U.S. 294, 298 (1991) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). *See also Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994).

Under the subjective component, plaintiff must establish that defendants acted with deliberate indifference to his serious medical needs, *Estelle*, 429 U.S. at 106; *see also Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 302-303, which requires evidence that defendants ignored a known risk of harm. *Farmer,* 511 U.S. at 837, 842. A prison official may be held liable for denying an inmate humane conditions of confinement only if he knows that an inmate faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. Prison officials must exhibit more than lack of due care for a prisoner's health or safety before an Eighth Amendment violation will be found. *Id.* at 835. *See also Whitley*, 475 U.S. at 319. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. It is not enough that the official "should" have perceived a significant risk, but did not. *Id.* Moreover, liability will not be found where a prison official actually knew of a substantial risk of harm to an inmate if he responded reasonably to the risk, even if the harm ultimately was not averted. *Farmer*, 511 U.S. at 844. Applying these standards to the instant case, the undersigned finds that plaintiff fails to establish his Eighth Amendment claim.

-11-

Notably, the objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County,* 390 F.3d 890, 899 (6th Cir. 2004). If, however, the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore,* 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Kentucky,* 238 F.3d 739, 742 (6th Cir. 2001).

Here, plaintiff has not provided any medical or other evidence showing that he suffered from a serious medical need and/or that he sustained any injuries as a result of defendants' alleged actions. As noted above, plaintiff was held at the Clermont County Jail for approximately six months beginning on June 1, 2006. Plaintiff does not present any medical evidence or records for this six month period, nor does he present any medical evidence post-dating his detention at the Clermont County Jail showing his diagnosis, treatment, or prognosis. Without any medical evidence substantiating that plaintiff suffers from a serious medical condition, plaintiff fails to establish the objective component of his deliberate indifference claim. Furthermore, with respect to the subjective component, nothing in the record demonstrates that the conduct of these defendants amounts to deliberate indifference or that they were aware of conditions which posed a substantial risk of harm to plaintiff and acted with a conscious disregard for that risk. *See Farmer,* 511 U.S. at 847.

On summary judgment, plaintiff is required to present verifiable medical evidence of harm resulting from the delay in receiving treatment for his alleged injuries and that such harm was attributable to defendants. Plaintiff has failed to do so in this case. Therefore, plaintiff has

failed to show his claim rises to the level of a constitutional violation. For the foregoing reasons, defendants are entitled to judgment in their favor.[7]

Furthermore, to the extent that plaintiff is asserting claims against defendants in their official capacities, plaintiff's claims fail as a matter of law because he has failed to demonstrate the existence of an official policy or custom of denying or delaying appropriate medical treatment for inmates' serious medical needs. *See Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (citing *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 694 (1998) (To subject a municipality to § 1983 liability for the actions of its employees, a plaintiff "must show that the alleged federal right violation occurred because of a municipal policy or custom.").

### D. Plaintiff's Claims against the Doe defendants

As noted above, plaintiff has also asserted claims against Corrections Officers John Does One and Two, Transport Officers John Does One and Two, John Doe Booking Officer, Sgt. John Doe, Dr. John Doe, Supervising Nurse Jane Doe, and Nurse Jane Doe. However, the Doe defendants have yet to be identified and/or properly served with the complaint. Proper service of process is required in order for this Court to obtain in personam jurisdiction over each defendant. *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003). In the absence of a showing of good cause justifying the failure to timely serve the complaint, the Court may dismiss the complaint without prejudice. *See* Fed. R. Civ. P. 4(m) (If a defendant is not served within 120 days after the complaint is filed, the court, - on motion or on its own after

---

[7] Additionally, the Court need not reach defendants' argument they are entitled to qualified immunity because it finds that plaintiff has failed to set forth any evidence to support a claim for an Eighth Amendment deliberate indifference claim against these defendants. *Carlson v. Conklin*, 813 F.2d 769 (6th Cir. 1987) (If the court finds no valid claim pursuant to 42 U.S.C. §1983, the court need not reach the issue of qualified immunity.).

notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time.). This matter has been pending more than a year, and plaintiff has failed to request any discovery in order to identify and/or serve the Doe defendants with the complaint. Accordingly, the undersigned finds that plaintiff's claims against the Doe defendants should be *sua sponte* dismissed without prejudice for failure to timely serve the complaint pursuant to Fed. R. Civ. P. (4)(m).[8]

In the alternative, the Doe defendants are also entitled to judgment on the merits. "Where one defendant succeeds in winning summary judgment on a ground common to several defendants, the [trial] court may also grant judgment to the non-moving defendants, if the plaintiff had an adequate opportunity to argue in opposition." *Acequia, Inc. v. Prudential Ins. Co.*, 226 F.3d 798, 807 (7th Cir. 2000) (citation omitted). *See also Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 204 (6th Cir. 1998) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)) (trial courts "are widely recognized to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence").

Here, defendants Frye, Rodenberg, Stallworth and Willis filed motions for summary judgment. Thus, plaintiff was clearly put on notice that he needed to submit all of his evidence to the Court. *Cochran v. Nelson*, 16 F.3d 1218 (Table), 1994 WL 28648, at *2 (6th Cir. 1994). Moreover, the grounds for granting summary judgment to the moving defendants apply equally

---

[8] This report and recommendation serves as plaintiff's notice of impending dismissal of his claims against the Doe defendants. *See Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 623 (6th Cir. 2004).

-14-

to the claims against the non-moving Doe defendants.[9] Accordingly, the undersigned recommends that the Court *sua sponte* enter judgment in favor of the non-moving Doe defendants.

## IT IS THEREFORE RECOMMENDED:

(1) Defendants' motions for summary judgment (Docs. 52, & 53) should be **GRANTED**.

(2) Plaintiff's claims against the Doe defendants should be **DISMISSED WITHOUT PREJUDICE** for lack of service. In the alternative, the Court should *sua sponte* enter judgment in favor of the Doe defendants for the same reasons that judgment is warranted in favor of defendants Frye, Rodenberg, Stallworth and Willis.

(3) This the matter should be **CLOSED**.

(4) The Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of the Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 11/2/2010

Karen L. Litkovitz
United States Magistrate Judge

---

[9] Plaintiff's complaint alleges that: (1) Corrections Officers John Does One and Two dropped him onto the concrete floor while transferring him from the squad car to his wheelchair after his arrest on June 1, 2006, causing him serious injuries; (2) Transport Officers John Does One and Two failed to provide plaintiff with a wheelchair and shoved plaintiff into a van while transporting him from the jail to his court appearances causing physical pain and injuries; (3) John Doe Booking Officer and Sgt. John Doe ignored plaintiff's serious medical needs despite his complaints and requests for treatment; and (4) Dr. John Doe, Supervising Nurse Jane Doe, and Nurse Jane Doe ignored his complaints of pain and refused to give plaintiff pain medication. Based on the foregoing, plaintiff asserts that the Doe defendants discriminated against him in violation of the ADA and were deliberately indifferent to his medical needs. However, as detailed above, plaintiff has failed to provide any evidence that defendants violated the ADA, and that he suffered from a serious medical need and/or that he sustained any injuries as a result of defendants' alleged actions.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES M. BAY,

    Plaintiff,

vs.

CLERMONT COUNTY
SHERIFF'S DEPT. *et al.,*

    Defendants.

Case No. 1:08-cv-376

Dlott, C.J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☑ Agent<br>☐ Addressee |
| | B. Received by (*Printed Name*) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>James M Bay<br>7733 Foxtrail<br>Cinti, OH 45255 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (*Extra Fee*) | ☐ Yes |
| 2. Article Number<br>(*Transfer from service label*) | 7002 3150 0000 8390 0008 | |

PS Form 3811, August 2001     Domestic Return Receipt     102595-02-M-1540

1:08cv376 (Doc. 62)